IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edward W. Stackhouse, Jr.,<br><br>Petitioner,<br><br>v.<br><br>Warden Kenneth Nelson,<br><br>Respondent. | Case No.: 2:22-cv-01863-SAL<br><br><br>**ORDER** |

Petitioner Edward W. Stackhouse, a state prisoner proceeding pro se, initiated this action by filing a petition pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Respondent Warden Kenneth Nelson filed a motion for summary judgment. [ECF No. 17.] This matter is before the court for review of the May 30, 2023, Report and Recommendation by United States Magistrate Judge Mary Gordon Baker ("Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 31.] In the Report, the magistrate judge recommends the district court grant the Warden's motion and dismiss this case with prejudice. *Id.* at 27. Attached to the Report was a notice advising Petitioner that he had the right to file objections to the Report and that he had fourteen days to do so. *Id.* at 28. Petitioner filed objections and later supplemented those objections. [ECF Nos. 37, 39.]

In his objections, Petitioner asserts that not all of his *Martinez*[1] claims have been addressed. [ECF No. 39 at 2.] He states, "In addition to the small portion of the Martinez Claim at the bottom of the page addressing the ineffective Trial Counsel Claim, there was another sheet which

---

[1] *Martinez v. Ryan*, 566 U.S. 1 (2012).

1

specifically addresses the ineffective PCR counsel claims in more detail." *Id.* It is unclear from this description to which claims Petitioner is referring. However, Petitioner raised a similar issue—that his *Martinez* claims had not been addressed—in response to Respondent's motion for summary judgment. *See* ECF No. 30 at 1 ("Respondent failed to include and respond to Petitioner's Martinez claim for ineffective PCR counsel."). Out of an abundance of caution, the court will allow Petitioner to clarify what claims he raised in his petition that have not been addressed by Respondent's motion.

Based on the court's review of the petition, the following claims of ineffective assistance of counsel have been raised in the petition:

(A) Petitioner was denied the effective assistance of counsel when counsel failed to adequately impeach and fully cross examine state witnesses, and suppress new testimony.

(B) Petitioner was denied the effective assistance of counsel when counsel failed to introduce impeaching evidence.

(C) Petitioner was denied the effective assistance of counsel when counsel failed to object to the states improper vouching of its own witnesses.

(D) Petitioner was denied the effective assistance of counsel when counsel failed to object to the states introduction of the murder weapon.

(E) Petitioner was denied the effective assistance of counsel when counsel failed to obtain independent expert witnesses.

(F) Petitioner was denied the effective assistance of counsel when counsel made damaging statements during closing argument.

(G) Petitioner was denied the effective assistance of counsel when counsel fail to object to statements concerning Jackson v. Denno hearing and impeach.

(H) Petitioner was denied effective assistance when counsel fail to prepare and argue self-defense.

(I) Petitioner was denied effective assistance of counsel when counsel fail to investigate facts behind possession of weapon and prepare a defense for coercion.

(J)     Any procedural default by PCR counsel for failing to sufficiently raise any of the above issues is excused by Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012).

[ECF No. 31 at 5–6 (quoting verbatim ECF No. 1-1 at 1).] Petitioner is directed to clarify what other claims he has raised in the petition that have yet to be addressed. Petitioner should assign a letter to each claim starting with (K) and going from there. Petitioner may provide argument in support of these clarified claims, but he should take care to identify each claim with a letter.[2]

For the reasons outlined above, the court directs Petitioner to clarify what claims he raised in his petition that were not addressed in Respondent's motion for summary judgment. Petitioner shall submit his clarified claims within 14 days of the date of this order. Accordingly, the court vacates the Report and Recommendation, ECF No. 31, and dismisses Respondent's motion for summary judgment, ECF No. 17, with leave to refile that motion once Petitioner has clarified the claims raised in his petition. This matter is referred to the magistrate judge for preliminary matters, including scheduling.

IT IS SO ORDERED.

September 27, 2023                                            Sherri A. Lydon
Columbia, South Carolina                                  United States District Judge

---

[2] The court notes this is not an opportunity to assert new claims that were not raised in his original § 2254 petition. To assist Petitioner in clarifying his claims, the court is providing Petitioner with a copy of his original, docketed petition with this order. To the extent possible, Petitioner should cite where in his original petition he previously raised these claims.