IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edward W. Stackhouse, Jr., | Case No.: 2:22-cv-01863-JDA |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Warden Kenneth Nelson, | |
| Respondent. | |

Petitioner, a state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's motion for summary judgment. [Doc. 49.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On April 16, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 58.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 31.] Petitioner filed objections to the Report on May 8, 2024. [Doc. 59.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may

accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **DISCUSSION**

The Magistrate Judge recommends granting Respondent's motion for summary judgment. [Doc. 58.] More specifically, the Magistrate Judge recommends granting summary judgment as to the following ineffective assistance of trial counsel claims because they are procedurally defaulted:

(D)   Petitioner was denied the effective assistance of counsel when counsel failed to object to the states introduction of the murder weapon.

(E)   Petitioner was denied the effective assistance of counsel when counsel failed to obtain independent expert witnesses.

(F)   Petitioner was denied the effective assistance of counsel when counsel made damaging statements during closing argument.

(G)   Petitioner was denied the effective assistance of counsel when counsel fail to object to statements concerning Jackson v. Denno hearing and impeach.

(I)   Petitioner was denied effective assistance of counsel when counsel fail to investigate facts behind possession of weapon and prepare a defense for coercion.

[Doc. 58 at 6–7, 12–20.]  The Magistrate Judge further recommends granting summary judgment as to the following ineffective assistance of trial counsel claims because Petitioner has not shown that the PCR court's decision was contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts:

> (A) Petitioner was denied the effective assistance of counsel when counsel failed to adequately impeach and fully cross examine state witnesses, and suppress new testimony.
>
> (B) Petitioner was denied the effective assistance when counsel failed to introduce impeaching evidence.
>
> (C) Petitioner was denied the effective assistance of counsel when counsel failed to object to the states improper vouching of its own witnesses.
>
> (H) Petitioner was denied effective assistance of counsel when counsel fail to prepare and argue self-defense.

[*Id.* at 6–7, 20–29.]  Finally, the Magistrate Judge recommends granting summary judgment as to the following claims to the extent Petitioner asserts them as independent claims of ineffective assistance of PCR counsel because such claims are not cognizable on federal habeas review[1]:

> (K) "[F]ailing to sufficiently raise the knife issue," including a failure to introduce surveillance video showing [Petitioner] leaving the apartment with his knife and

---

[1] As the Magistrate Judge explains, Petitioner titles these allegations "*Martinez* Claims"; therefore, the Magistrate Judge assumes that Petitioner relies on them to overcome any procedurally defaulted claims of ineffective assistance of trial counsel.  [Doc. 58 at 12]; *see Martinez v. Ryan*, 566 U.S. 1, 14–16 (2012) (holding ineffective assistance of PCR counsel may qualify as cause to excuse procedural default of a claim of ineffective assistance of trial counsel under certain circumstances).  The Magistrate Judge considers these allegations in her procedural default analysis.  [*Id.*]

3

|     |     |
| --- | --- |
|     | failing to question Trial Counsel "concerning [Petitioner] leaving the apartment with his knife." |
| (L) | "[F]ailing to raise damaging argument by trial counsel in closing arguments" admitting that [Petitioner] was in the room where Sharon died and was holding the knife introduced at trial. |
| (M) | "[F]ailing to sufficiently raise the new testimony issue by Daquan," including a failure to introduce a photo of Daquan's bedroom to show Daquan could not have seen the hallway from his bed and a failure to argue the State was obligated to correct its witness's false testimony at trial. |
| (N) | "[F]ailing to raise DNA on knife testimony by Ms. Boehm, [the] State's expert" in the following ways: |
|     | (i) PCR Counsel was "ineffective for failing to properly present or argue trial counsel failed to challenge the procedure used by [the State's] expert to test the DNA samples from the knife to the known standards." |
|     | (ii) PCR Counsel "failed to argue several courts have held that DNA match evidence is inadmissible without reliable accompanying evidence as to the likelihood that the test could or could not exclude other individuals in a given population." |
|     | (iii) PCR Counsel "fail[ed] to argue trial counsel failed to object to the admissibility of the entire testimony by the state's expert." |
| (O) | "[F]ailing to sufficiently raise the impeachment issue, introduce written statement to law enforcement, and argue [the] State had a duty to correct false or perjured testimony." |
| (P) | "[F]ailing to raise intoxication of the victim." |
| (Q) | "[F]ailing to raise the known standard from Daquan used to test DNA issue." |

4

>     (R)     "[F]ailing to sufficiently raise the surveillance video issue."

[*Id.* at 7–8, 12 (some alterations in original).]

Petitioner's only objection is that the "Magistrate Judge fail[s] to address [his] Schlup gateway actual innocence claim."  [Doc. 59.]  In his response in opposition to Respondent's summary judgment motion, Petitioner raised actual innocence to excuse the procedural bar of some of his claims.  [Doc. 54.]  The Report fails to address actual innocence; therefore, the Court will address whether Petitioner can establish that he is actually innocent, which would excuse the procedural default of some of his grounds.

A claim of actual innocence as a gateway claim to excuse a procedural default requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  *Id.*  If a petitioner meets the burden of producing new reliable evidence of his innocence, the Court then considers "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial," and determines whether the petitioner has met the standard for a gateway claim of innocence.  *House v. Bell*, 547 U.S. 518, 537–38 (2006) (internal quotation marks omitted).  At this step, the Court must determine whether "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.  "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality."  *Hill v. Johnson*, No. 3:09cv659, 2010 WL

5

5476755, at *5 (E.D. Va. Dec. 30, 2010). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Here, although Petitioner references his innocence, he has not presented any new, reliable evidence to establish his innocence. Nor has he asserted that he has any such evidence. Instead, in his response in opposition to Respondent's summary judgment motion, Petitioner conclusorily stated he is actually innocent and claimed a miscarriage of justice. [Doc. 54.] A review of his arguments, however, reveals that he merely reiterated alleged failures of trial counsel during his trial. [*See id.*] Because Petitioner has failed to present new, reliable evidence that establishes he is actually innocent, the Court need not proceed to the second part of the inquiry. *See Hill*, 2010 WL 5476755, at *5. Accordingly, having conducted a de novo review with respect to Petitioner's objection that the Magistrate Judge failed to address his claim of actual innocence, the Court concludes that Petitioner has failed to establish actual innocence to overcome the procedural default that bars the Court from reviewing his procedurally defaulted claims.[2]

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference as modified. Accordingly,

---

[2] Petitioner has not objected to the Magistrate Judge's recommendations regarding his inability to establish cause and prejudice to excuse the procedural default of some of his claims; his failure to show that the PCR court's decision was contrary to or an unreasonable application of clearly established federal law or based on unreasonable determination of the facts regarding his exhausted claims; and the ineffective assistance of PCR counsel not being a cognizable independent claim. Accordingly, the Court has reviewed the Report, the record, and the applicable law on those recommendations for clear error. Having found no clear error, the Court accepts the Report.

Respondent's motion for summary judgment [Doc. 49] is GRANTED and the § 2254 petition [Doc. 1] is DENIED.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(2) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court agrees with the Magistrate Judge that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

Charleston, South Carolina
September 30, 2024